# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ATLANTIC COAST ATHLETIC CLUBS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CINCINNATTI INSURANCE COMPANY, INC. and BRENT SHOWALTER, <br><br> *Defendants*. | Case No. 3:20-cv-00049 <br><br> MEMORANDUM OPINION <u>& ORDER</u> <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Plaintiff Atlantic Coast Athletic Clubs, Inc., ACAC's motion to remand. Dkt. 6. ACAC had filed this suit against Defendants Cincinnati Insurance Company and its employee and insurance adjuster Brent Showalter in the Circuit Court of the City of Charlottesville. Dkt. 1-2. Defendants removed this case to this Court on the basis of diversity jurisdiction. Dkt. 1.

There is no dispute that Plaintiff ACAC is a citizen of the Commonwealth of Virginia for purposes of diversity of citizenship jurisdiction. *See* Dkt. 1 ¶¶ 4–5. Nor is there any dispute that Defendant Cincinnati is a citizen of Ohio. *Id.* ¶ 6. But because Defendant Showalter is a citizen of Virginia, that would destroy diversity jurisdiction and a remand would be required unless, as Defendants argue, he was "fraudulently joined" to the complaint. *Id.* ¶ 7. Therefore, the parties' arguments on ACAC's motion to remand center on whether Showalter was "fraudulently joined" as a defendant. Dkts. 7, 11, 12.

A defendant is permitted to remove certain claims originally brought in state court into federal court. 28 U.S.C. § 1441; *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003).

The action must be one over which federal courts have original jurisdiction, 28 U.S.C. § 1441(a), and the removing party bears the burden of establishing federal subject matter jurisdiction, *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).

Generally, a court's ability to exercise diversity jurisdiction requires complete diversity, meaning "the plaintiff cannot be a citizen of the same state as any other defendant," however, "the fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). That is because, "[w]hen confronted with a motion to remand, district courts need only consider 'real and substantial parties to the controversy' in determining whether complete diversity exists and must set aside 'nominal or formal parties.'" *Tayal v. Bank of New York Mellon*, No. 20-1790, 2022 WL 563240, at *3 (4th Cir. Feb. 24, 2022) (unpublished) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980)). The citizenship of those non-diverse defendants can be disregarded for jurisdictional purposes when "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Weidman*, 776 F.3d at 218 (emphasis in original). The party asserting fraudulent joinder has a "heavy burden" to show its application. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). "The standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)," and a plaintiff need only show "a slight possibility of a right to relief." *Id.*

In its complaint, ACAC brought two claims against Showalter, the first for negligence, and the second, for fraud. Dkt. 1-2 ¶¶ 58–64 (negligence, against Showalter), *id.* ¶¶ 65–71 (fraud, against Showalter and Cincinnati). In seeking remand, ACAC argues that Defendants bear the "exceedingly high burden to prove this Court has subject matter jurisdiction," which they cannot

do "given the lack of complete diversity." Dkt. 7 at 1. ACAC contends that its "claims against Showalter are valid under Virginia law" and none of the defenses cited by Showalter have merit. *Id.* Therefore, without complete diversity, ACAC argues that the case must be remanded to the Circuit Court for the City of Charlottesville. *Id.* at 1–5. By contrast, Defendants argue that ACAC has improperly attempted to "sweep-up a Cincinnati employee in an otherwise textbook coverage dispute," which "amounts to fraudulent joinder." Dkt. 11 at 2. Because "[t]he federal removal statutes do not permit plaintiffs to defeat diversity jurisdiction by joining improper parties to their state court actions," Defendants argue that this Court can "ignore the citizenship of improperly joined parties, dismiss those parties, and thereby retain diversity jurisdiction." *Id.* Defendants ask the Court to do so with respect to Showalter. *Id.* at 1–2.

To be sure, a "single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort." *Augusta Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007). But "[t]o avoid turning every breach of contract action into a tort," the Supreme Court of Virginia "ha[s] enunciated the rule that, in order to recover in tort, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.* (cleaned up). "Put another way, '[a] tort action cannot be based solely on a negligent breach of contract.'" *Selective Ins. Co. of the Southeast. v. Williamsburg Christian Acad.*, 458 F. Supp. 3d 409, 414 (E.D. Va. 2020) (quoting *Richmond Met. Auth.*, 507 S.E.2d 344, 347 (Va. 1998)).

Here, as in the closely analogous case of *Mattison v. McGowen*, No. 2:07-cv-424, 2008 WL 11378804 (E.D. Va. Feb. 4, 2008), the plaintiff ACAC has failed to point to any duty that the law imposed upon Showalter other than as would arise from his employer's (Cincinnati's) contractual duties with ACAC, that would support either claim. Virginia precedent is clear that

3

"[w]here each particular misrepresentation alleged is related to a duty or an obligation required by a contract, those misrepresentations do not give rise to a cause of action for fraud." *Rattner v. Chubb Nat'l Ins. Co.*, No. 1:17-cv-136, 2017 WL 11500148, at *1 (E.D. Va. Sept. 28, 2017) (citing *Richmond Met. Auth.*, 507 S.E.2d at 347).

ACAC's negligence claim alleges that Showalter "owed ACAC a duty to adjudicate its claim with reasonable care." Dkt. 1-2 ("Compl.") ¶ 59. ACAC asserts that Showalter "breached that duty" by "not act[ing] with reasonable care," and "participat[ing] in the wrongful denial of ACAC's claim in order to preserve his employment" with Cincinnati. *Id.* ¶¶ 60–61. Rather than "fairly handle ACAC's claim, Showalter engaged in delay tactics then ultimately participated in the bad faith denial of the claim," which was a "breach of duty" resulting in ACAC not receiving "the insurance proceeds to which it is entitled." *Id.* ¶¶ 63–64. Elsewhere, the complaint makes clear that the duties *Cincinnati* owed ACAC arose from an insurance policy from Cincinnati which included business property insurance and covered lost business income. *Id.* ¶¶ 2–3. Indeed, when ACAC submitted a notice of claim related to the COVID-19 pandemic, ACAC said that it did so "[r]elying on the promises made by [Cincinnati], and trusting that [Cincinnati] would act in good faith and honor its contractual commitments." *Id.* ¶ 6.

These and other allegations in the complaint (as well as the briefing) make clear that ACAC has alleged no duty imposed upon Showalter besides those that would arise from the insurance contract itself. ACAC argues that "general negligence principles" recognized in the Supreme Court of Virginia's decision in *RGR, LLC v. Settle*, 764 S.E.2d 8, 16 (2014), supply the duty, namely, that "[g]eneral negligence principles require a person to exercise due care to avoid injuring others." Dkt. 12 at 5. But the Supreme Court of Virginia has also continued to stress the source of the duty rule, holding that "[i]n determining whether a cause of action sounds in tort,

4

contract, or both, the source of the duty violated must be ascertained," examining "the specific nature of the allegations of negligence." *Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 254 (Va. 2019) (cleaned up). Virginia law reaffirms the "maxim" that "in order to recover in tort, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.* at 255. ACAC's complaint is clear that in this case Showalter's alleged duty arises from and is a product of the policy itself, and not some extracontractual duty, *see* Compl. ¶¶ 2–3, 6–7, 10, 59–60, 64, notwithstanding ACAC's point in its briefing that generally-applicable negligence principles supplied the duty. And indeed, the most analogous case (*Mattison v. McGowen*) weighs decisively against ACAC's argument: "There is no case law to indicate that an insurance agent or claims adjuster shares a special relationship with an insured party that would warrant a duty of care independent from that arising out of the contract between the insurance company and the insured. In fact, there is case law from various jurisdictions to support the opposite conclusion." *Mattison*, 2008 WL 11378804, at *2 (citing cases). That is not to say that a duty *cannot* arise between an insurance agent and insured. To be sure, "[a] common law duty may arise from the relationship between an insurance agent and the insured, a duty that is separate and distinct from a contract between the parties …, [but] [i]f an independent common law duty has not been alleged, then this is a case grounded in contract and an action for negligence cannot survive." *Williamsburg Christian Acad.*, 458 F. Supp. 3d at 416 (citation omitted); *cf. Tingler*, 834 S.E.2d at 255.[1]

---

[1] ACAC also argues that *Allen Realty Corp. v. Holbert*, 318 S.E.2d 592 (Va. 1984), demonstrates that the claims against Showalter are plausible because in *Holbert*, the Virginia court acknowledged a cause of action for negligence against an employee (accountant) who was not a party to a contract with plaintiff. Dkt. 12 at 4–5. However, ACAC overreads *Holbert*, which "involved [a] classic case[] of self-dealing," in which a fiduciary made a decision "that involved the corporation's business interests on the one hand," and the fiduciary's "on the other."

5

In any event, even if Showalter owed ACAC a duty independent of the policy itself, the economic loss doctrine would still preclude the recovery of damages. *See Gerald M. Moore & Son, Inc. v. Drewry*, 467 S.E.2d 811, 813 (Va. 1996) ("However, even if the agent's negligence is established, absent privity of contract, Virginia's economic loss doctrine precludes the recovery of damages based on economic loss alone."). Under the "economic loss doctrine," a party "may not use tort claims of negligence to seek such damages" including "economic losses," which "remain the particular province of the law of contracts." *Tingler*, 834 S.E.2d at 264–65. ACAC argues that the economic loss rule does not apply because "[t]he coronavirus damaged ACAC's property." Dkt. 12 at 6; *cf. Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 58 (Va. 1988) (distinguishing between damages for "claims for injuries to persons or property on the one hand and economic losses on the other"). But the Fourth Circuit has rejected the argument that the coronavirus causes physical loss or damage to property within the meaning of Cincinnati's own policy language. *See Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 928 (4th Cir. 2022) ("Because the insured did not suffer such a physical loss or damage resulting from the pandemic or the government order, we affirm the district court's judgment dismissing the case."). Accordingly, ACAC's negligence claim against Showalter has no possibility of success, on account of application of the source of duty rule as well as the economic loss rule.

ACAC's fraud claim against Showalter also fails on account of the source of duty rule. *See Rattner*, 2017 WL 11500148, at *1 ("Where each particular misrepresentation alleged is related to a duty or an obligation required by a contract, those misrepresentations do not give rise

---

*See Stand Up Digital, Inc. v. Hart*, No. 1:18-cv-919, 2019 WL 6257734, at *4 (E.D. Va. Nov. 22, 2019). There are no such factual allegations here.

to a cause of action for fraud"); *see also MCR Fed., LLC v. JB&A, Inc.*, 808 S.E.2d 186, 194 (Va. 2017) (holding, in rejecting fraud claim under source of duty rule, that "we cannot permit turning every breach of contract into an actionable claim for fraud"); *Tingler*, 834 S.E.2d at 255 n.11 ("Claims of actual and constructive fraud arising solely out of a contractual relationship may be barred by the source-of-duty rule when the damages arise solely out of the underlying contractual relationship."); *Richmond Metro. Auth.*, 507 S.E.2d at 559. ACAC claims that committed fraud by stating in a letter to ACAC that "Cincinnati will investigate your claim," allegedly knowing "this statement was false at the time it was made." Compl. ¶¶ 69–70. Like the negligence claim, it is clear from the allegations in ACAC's complaint that any duty Showalter had arose from the insurance contract itself. *See* Compl. ¶¶ 66, 72 (explaining that "in connection with their wrongful denial of ACAC's insurance claim, CIC and Showalter made materially false statements," including Showalter's statement that "Cincinnati will investigate your claim"); *see also id.* ¶¶ 2–3, 6–7.[2] Even taking all ACAC's allegations in its complaint as true and taking all reasonable inferences in its favor, ACAC's fraud claim does not support the existence of any duty Showalter had except as arose from the existence of the insurance policy, thereby precluding ACAC from asserting a claim for fraud. *See, e.g.*, *EvansStarrett PLC v. Goode & Preferred Gen. Contr. Co., Inc.*, 105 Va. Cir. 211, 2020 WL 8831592, at *4 (Fairfax Cnty. Cir. June 8, 2020) ("Because the false representation … was related to a duty that arose under the contract, the proposed amendment sounds in contract, not tort. It is thus barred by the source-of-duty rule.").

---

[2] Notably, the claim is not for fraudulent inducement to contract, which would not be barred by the source of duty rule. *Tingler*, 834 S.E.2d at 255 n.11.

7

For these reasons, as the Court has concluded that ACAC will be able to establish its negligence or fraud claims as against Defendant Showalter, the Court can disregard Showalter's citizenship for purposes of its jurisdictional analysis. Absent Showalter, there is complete diversity of the parties. ACAC's motion to remand is **DENIED**. Dkt. 6. This decision does not implicate ACAC's claims against Cincinnati, which proceed.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

Entered this __14th__ day of April, 2022.

                                                                     NORMAN K. MOON
                                                               SENIOR UNITED STATES DISTRICT JUDGE